HARDY, Judge.
This is an action by plaintiffs, husband and wife, as owners of a one-story dwelling located in Caddo Parish, by which they seek to collect from defendant as their insurer the sum of $1,800.00, representing the amount of damages alleged to have been sustained by the insured dwelling as the result of a wind and hailstorm. From judgment in favor of plaintiff in the principal sum of $20.00, they prosecute this appeal.
The sole issue presented involves a question of fact, that is, whether the damages alleged by plaintiffs actually resulted from the storm.
On the night of June 1, 1960, the area in which plaintiffs’ dwelling house was located was the scene of a somewhat violent windstorm which reached maximum gusts of 62 miles per hour, accompanied by the fall of “pea-sized” hail for a few minutes, together with heavy rain. Plaintiffs alleged and testified as to specific damage to the dwelling which caused a shift of the house on its foundation, accompanied by extensive damage to both the exterior and interior thereof, namely, the sheetrock siding, floors and roof. The record contains three separate estimates of the cost of repairs made by a contracting firm designated as Weeks & Emmons, members thereof being J. D. Weeks and Roy Emmons. These estimates, apparently given on or about the dates of August 19, November 10, 1960 and January 13, 1961, vary in amounts from $1,200.00 to $1,850.00. Both of these contractors testified extensively as to the damage and their estimates in connection with the repair thereof, but, as noted by the trial judge, each of them denied any knowledge of one of the estimates, and demonstrated in their testimony a lack of independent recollection as to the details of damage except with respect to the conclusion that the same had been caused by the shifting of the house on its foundation. These witnesses, of course, were unable as a matter of first-hand knowledge, to testify that the shifting of the house was caused by the occurrence of the storm.
The trial judge, who dictated his opinion into the record after the conclusion of trial, preferred to accept the expert testimony of Mr. Roland Saucier, a licensed civil engineer, thoroughly qualified in construction work. This witness, who made a careful examination of the dwelling house on August 24, 1960, expressed the professional opinion that the shifting of the house had not been caused by the storm but was the result of inferior construction. We do not find it necessary to discuss in detail the reasons assigned in support of Mr. Saucier’s explanation and conclusion, and *83 it suffices to say that, in our opinion, his testimony preponderates over that offered on behalf of plaintiffs.
Examination of the record convinces us that the only damage directly attributable to the wind and hailstorm was confined to a small portion of the roof, and that the small award made is adequate compensation thereof.
There can be no dispute as to the general principle of law asserted by counsel for plaintiffs that claimants under a policy of insurance need only prove a windstorm to have been the proximate cause of damage sustained to the insured dwelling; citing Roach-Strayhan-Holland Post No. 20, American Legion Club, Inc. v. Continental Insurance Co. of New York, 237 La. 973, 112 So.2d 680.
The facts established by the preponderance of the evidence in the instant matter adequately serve to distinguish the same from the authority cited.
Finding no error in the judgment appealed from, the same is affirmed at appellant’s cost.